### MacKENZIE v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. STREET RAILWAYS—SAFE STOPPING PLACE—EXCAVATION IN STREET.

Plaintiff signaled one of defendant's south-bound cars on a rainy and foggy night. The motorman immediately attempted to stop, but did not succeed till the car was some distance past the crossing, and just beyond an excavation in the street, extending from the track to the west curb, and protected by a light at the end towards the track, and by embankments on the two sides. As the car stopped, the conductor cried, "Come on!" and plaintiff started for the car, going out into the roadway, diagonally towards the rear platform, but fell into the intervening excavation. Defendant was in no way connected with the digging or maintenance of the excavation, and was not shown to be charged with any duty to the public with respect to the street. *Held*, that there was no showing that the car did not stop at a safe place, nor that the conductor was negligent in failing to warn plaintiff, and defendant was not liable.

Hatch, J., dissenting.

Appeal from Trial Term, New York County.

Action for personal injuries by Stewart W. MacKenzie against the Union Railway Company of New York City and another. From a

judgment dismissing the complaint as to the Union Railway Company, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. Pierce, for appellant.

A. Ofner, for respondent.

PATTERSON, J.   The plaintiff was injured by falling into an open trench in a public highway in the city of New York, while he was proceeding along such highway with the intention of entering upon a car belonging to the defendant the Union Railway Company of New York City, then being operated by the servants of that company.   The action was brought against that company and one Frederick Weber.   It is charged in the complaint that Weber, a plumber by trade, had received from the city of New York a permit to open the west side of Third avenue, south of 176th street, in the borough of Bronx, in the city of New York, and to make an excavation in that avenue near such street, for laying a sewer or for "some such purpose"; that the defendant, the Union Railway Company, maintained and operated a street railway on Third avenue between 130th and 177th street, and ran its cars on such avenue between those streets; that the railway company was a common carrier of passengers for hire; that Weber removed the stone pavement from the curb or gutter from the west side of Third avenue, south of 176th street, to or near the railroad track of the defendant, and made the excavation; that this was done prior to the 17th day of December, 1898; that the defendant the Union Railway Company, by its servants and agents, knew of the existence of the excavation or trench for some time prior to the day mentioned, on the evening of which day the plaintiff, standing at the corner of 176th street and Third avenue, signaled the motorman in charge of one of the cars of the defendant to stop the car at such corner to enable him to become a passenger thereon; that the defendant, through its servants in charge of the car, negligently, carelessly, and unskillfully failed to stop the car at the downtown cross-walk or usual place for stopping cars, at the corner of 176th street and Third avenue; that the motorman saw the plaintiff signal, and negligently, carelessly, and unskillfully stopped the car so that the steps of the back platform, from which passengers entered the car, were so situated that said steps were directly over and on a line with or just past a deep excavation in Third avenue, and that the plaintiff would have to step in the excavation before he could enter the car, and the defendant the Union Railway Company of New York City knew the excavation was in the avenue at said place, and knew it was a dangerous place at which to stop a car for plaintiff to get on, and that in order to become a passenger on the car the plaintiff had to cross or pass over such excavation, and the Union Railway Company carelessly and negligently stopped the car at the place; that there were no lights exposed to plaintiff's view, so as to warn him of the danger of entering the car at the place at which it was stopped; that the defendant the Union Railway Company had notice, by its servants and agents in charge of the car, of the existence of the hole or excavation by a red light, which defendant's agents

could see, but which light was so placed as to be concealed from the view of the plaintiff as he was about entering the car, and also had notice that there were no barriers around the excavation. The complaint then contains allegations charging Weber, the contractor, with negligence. The answer of the defendant the Union Railway Company of New York City put all the material allegations of the complaint in issue. The cause came to trial as against both defendants. It appears from the record before us, both from the clerk's minutes and from the judgment itself, that the case went to the jury upon the issue between the plaintiff and the defendant Weber, and that the jury specifically found that the plaintiff's negligence contributed to the happening of the accident, and therefore they found a general verdict in favor of that defendant. As to the Union Railway Company of New York City the complaint was dismissed, and from the judgment entered upon such dismissal the plaintiff now appeals. It is the only defendant now before the court.

It is not claimed by the respondent that it can take advantage of the verdict of the jury which convicts the plaintiff of negligence contributing to the accident, and upon the record before us, in view of some statements in the testimony of the plaintiff, we are of the opinion that, as between the parties now before the court, that issue, perhaps, if the case otherwise required it, should have been submitted to the jury. The main question, however, arising on the proofs is whether there was anything done or omitted by the servants of the defendant in charge of the car constituting negligence, responsibility for which is imposed upon the respondent.

The facts are that at about half past 5 o'clock on the 17th of December, 1898, the plaintiff and James McMahon were standing at the southwest corner of 176th street and Third avenue, where the plaintiff was waiting for a car, going south. It was a rainy night, and a fog was rising. After waiting some time the plaintiff observed a car of the defendant approaching from the north. It was a little above the north crossing of 176th street when the plaintiff signalled it to stop. The signal was observed by the motorman, who immediately undertook to stop the car, but was unable to do so until it had proceeded to a point about 60 feet south of the southerly crossing of 176th street. It then stopped, and the conductor cried out, "Come on!" The plaintiff then started for the car, going out into the roadway of the Third avenue, diagonally, as he said, towards the back platform of the car. Before he reached the car or could get to the rear platform he stepped into an excavation which had been made in the street. That excavation extended from the curb stone to or near to the westerly rail of the westerly track of the defendant's road. It is described as being distant some 60 or 65 feet south from the corner of 176th street. It was about 15 feet long, running west to east, and was about 2½ feet wide. On the north and south lines of it were embankments of earth. At the east end were two barrels standing on the surface of the street, with a plank across them at the top, upon which was a light—whether it was a white or red light does not distinctly appear. There was no other protection on the north and south sides of the trench, except the earth embankments. The

plaintiff swears he saw no light; that his view of the light was obstructed by pillars of the elevated railway structure on the west side of the Third avenue.

The situation of the car when it stopped and when the plaintiff, approaching it, fell into the trench, is fixed by the plaintiff's witness McMahon at from 4 to 5 feet south of the southerly line of the excavation. The plaintiff's evidence upon that subject proves nothing. He says: "I cannot state within about how many feet I was of the step of the back platform at the time I fell into the excavation. I was right near it." He subsequently says that he feels quite sure that it was not a foot south of the southerly line of the trench, but it is obvious that that statement is a mere guess.

There is nothing in the proofs to show that the defendant railway company was in any way connected with the digging or the maintenance of the trench in the public street, or that it was charged with a duty to the public with respect to that street, or to establish that it could be held liable for a dangerous condition of the street, and therein the case differs from Wolf v. Third Avenue R. R. Co., 67 App. Div. 605, 74 N. Y. Supp. 336. Nor can the defendant be held responsible for the failure to protect by barriers or to give warning by lights of the dangerous condition of the northerly line of the trench, if it were dangerous. Nor is it necessary to determine whether the plaintiff is to be considered as a passenger, within the rulings in such cases as Brien v. Bennett, 8 Carr. & Payne, 724. The only attribution of negligence that can be made in this case is that the defendant's servants stopped the car at a dangerous place in the highway after having invited the plaintiff to enter upon the car knowing that it was a dangerous place, and failing to give warning to the plaintiff that it was dangerous. The point at which the car stopped was not the usual stopping place. It stopped, however, at the signal of the plaintiff. The call of the conductor was doubtless an invitation to the plaintiff to enter the car, but it was not an invitation to the plaintiff to proceed along the roadway of the street rather than upon the sidewalk. The plaintiff chose his own route along the roadway. He did not choose it either under the direction or guidance of the conductor, and it would be extending the rule of liability far beyond what has been adjudged in any case to which our attention has been called to hold that a street railway company guaranties or insures the safety of a public highway along which an intending passenger chooses to move in order to reach a car which has overrun its usual stopping place and is waiting for that intending passenger to enter. The general rule of law that a street railway company is bound to ordinary care in furnishing a safe place to passengers to enter upon or alight from its cars is well established; but there is nothing in this proof to show that the car was not at a safe place, unless we are to be controlled by the unsupported guess of the plaintiff as to the exact point at which the car stopped; and, even if he were right in that guess, there is nothing which can charge the conductor of the car with negligence in not warning the plaintiff as he approached the car of the dangerous condition of the trench, for from the place at which he stood upon the rear platform there was no appearance of danger.

There was a light at the east end of the excavation. It was apparently safe. The conductor had no reason to suppose that the plaintiff did not see the light, or that his vision was obscured by the posts of the elevated railway structure.

We do not find in the evidence in this case a violation of the rule which requires the exercise of ordinary care in the selection of a suitable place for the plaintiff to enter upon a car, and for that reason the judgment dismissing the complaint as to the present respondent should be affirmed, with costs. All concur, except HATCH, J., who dissents.